## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DELFIN CARDONA GONZALEZ** | |
| *Plaintiff* | |
| Vs. | Civil No. 22-1654 (JAG) |
| **JULIO ROLDAN CONCEPCION**, Mayor of the City of Aguadilla, in his personal and official capacity, **WILFREDO DEL VALLE,** as Public Work Director for the Municipal Government of Aguadilla, in his personal and official capacity and the **MUNICIPALITY OF AGUADILLA,** through its mayor**,** co-defendant **JULIO ROLDAN CONCEPCION** defendants John Doe, Jane Doe, Richard Roe. | |
| *Defendants* | |

## AMENDED COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now Plaintiff through the undersigned attorney, and respectfully alleges and prays:

### JURISDICTION OF THIS HONORABLE COURT

l.-  This Honorable Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 for violation of plaintiff rights under the First Amendment of the United States Constitution and a violation of the Due Process rights under the Fifth and Fourteen Amendment.  It is also a petition for a Declaratory and Injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2.- This Honorable Court also has jurisdiction over the state law claims under

the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Sections 1, 4, 6 and 7 of Article II, Act 90-2020 ( 29 LPRA sec 3111, et segs) and Article 1536 Civil Code of Puerto Rico (31 L.P.R.A. § 10801).

## TYPE OF PROCEEDINGS

3.- Plaintiff claim is twofold; first he prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants to be enjoined from discriminating against him, because of his political beliefs.

4.- It is also a suit for compensatory damages arising from the political persecution to which plaintiff have been subjected to by defendants.

5.- The facts hereinafter alleged in this Complaint constitute violations of Plaintiff protected rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

6.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Article 1536 of the Civil Code of Puerto Rico 31 L.P.R.A. 10801 and Act 90-2020, 29 L.P.R.A. § 3111, et seg.

## State Remedies Invoked Under 42 USC l988 and Pendent Jurisdiction

7.-  Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

8.- Plaintiff invokes the pendant jurisdiction of this Honorable Court with

respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

## CLAIMS FOR RELIEF

9.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of Plaintiff as protected under the Constitution and the Laws of the United States.

10.-The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violate plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

11.- The action of the defendants were solely motivated by plaintiff political beliefs, there existing no other cause for the political persecution that plaintiff was subjected to.

12. - Plaintiff political beliefs were known to defendants at all times relevant to this compliant. Plaintiff political beliefs and his association with persons of similar beliefs are activities protected by the First Amendment to the Constitution of the United States of America.

13.- The acts of the defendants were done deliberately, knowing that they were unlawful, with the bad faith knowledge that they were violating plaintiff federally protected rights.

14.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as

3

are herein above set forth.

15.- Plaintiff is entitled to damages for violation of his Constitutional Rights plus damages for his actual losses, and for pain, suffering, anguish and humiliation. Plaintiff is also entitled to double damage pursuant to 29 L.P.R.A. § 3111, § 3121.

16.- Defendants, Julio Roldán Concepción and Wilfredo Del Valle have been obstinate in fomenting this litigation.

17.- Plaintiff Delfin Cardona Gonzalez is of legal age, a resident of the city of Aguadilla, a former career employee of the Municipal Government of Aguadilla and an active member of the New Progressive Party.

18.- The Municipality of Aguadilla is a legal entity with capacity to sue and be sued and is represented in this complaint by its mayor Julio Roldán Concepción.

19.- Defendant Julio Roldán Concepción is of legal age and it's the mayor of the city of Aguadilla. He is also the president of the Popular Democratic Party in the city of Aguadilla. He is being sued in his official and personal capacity as an individual.

20.- An action by defendant, mayor Julio Roldán-Concepción, as the nominating authority of the Municipality of Aguadilla, constitutes the official policy of the Municipality and as such the Municipality of Aguadilla is liable to plaintiff.

21. - Defendant Wilfredo Del Valle is of legal age, Director of the Public Works Division of the Municipal Government of Aguadilla, and an active member of the Popular Democratic Party.

22.- John Doe, Jane Doe and Richard Roe are fictitious names used to identify persons who on the course of discovery may be found to be liable to plaintiff.

4

23.- All defendants are citizens of the Commonwealth of Puerto Rico.

24.- Pursuant to the provisions of 42 USC, Section 1988 Plaintiff, should he prevail on any issues herein, are entitled to reasonable attorneys' fees in this action.

25.- Pursuant to the provisions of the Rules of Civil Procedures of the Commonwealth of Puerto Rico, Rules 44.1(d) and 44.3(b), plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

## SPECIFIC FACTS RELEVANT TO THIS CLAIM

26.- Plaintiff began to work for the Municipal Government of Aguadilla on May 1, 2007 as a transitory employee.

27.- On August 8, 2015, plaintiff was appointed as Executive Official I, which is a career position.

28.- On January 2021, co-defendant Julio Roldán Concepción was sworn in as the new Mayor of  Aguadilla after prevailing in the general election held on November 2020, which was a highly contested election that required various recounts by the State Election Commission.

29.- Defendant Roldán-Concepción was the candidate for Mayor for the Popular Democratic Party.

30.- On December 6, 2021, plaintiff was transferred to the Municipal Legislature of Aguadilla.

31. On February 24, 2022, plaintiff, at a meeting of the Municipal Legislature that occurred out of his working hours, took some pictures of the meeting which

included pictures of mayor Roldán-Concepción, who was present at the meeting. One of those pictures was published in the social network of Facebook. For reasons not known to plaintiff, Mayor Julio Roldán-Concepción got upset and on that same day told plaintiff that he has posted that picture in order to harm him and that he was in constant political campaign against him since he won the general elections of November 2020.

Plaintiff told defendant that he didn't see anything wrong in the posting of the picture and that had nothing to do with politics neither the fact that he was an active member of the New Progressive Party and the Mayor was of the Popular Democratic Party.   Plaintiff told defendant, Julio Roldán-Concepción that on previous occasions he has spoken with him and written some communications, always with the respect that he deserves as Mayor of the city of Aguadilla and has never mentioned anything related to politics.

On that same day the Mayor sent an email to the Honorable Ernesto Robledo, member of the Aguadilla Municipal Legislature, in which he stated:

> "That it was a complete lack of respect that Delfin Cardona took a picture of him in working hours and posted it in a false page in which a chat was made. Is a full lack of respect and persecution, tomorrow we will do what is proper as to the law. "

32.- On January 25, 2022, plaintiff received a letter informing him that effective February 28, 2022, he was being transferred to the Public Work Department, for need of services.

33. - On February 28, 2022, plaintiff began to work at the Public Works Division of the Municipal Government of Aguadilla. There, he was assigned

minimal task which are done mainly on half a day of the week and the rest of the days he spends the working hours doing nothing and is being the subject of mock and harassment by other employees.

34.- On several occasions plaintiff has spoken to co-defendant Wilfredo Del Valle, Director of Public Works complaining that he has basically no work or duties to perform. Co-defendant Valle, in some occasions have answered that those are the instructions of the Mayor and in others, he has told plaintiff that it seems that he had forgotten all the political campaign that he did for the New Progressive Party

35.- Various Municipal Legislators including the President of the Municipal Legislature, David González-Pumarejo, had asked mayor Roldán-Concepción to reassigned plaintiff to the Municipal Legislature because they need personnel and there is a lot of work to be done there. Mayor Roldán Concepción has refused or simply has ignored the request of the Municipal Legislators.

36.- As a consequence of defendants Roldán-Concepción and Wilfredo Del Valle actions against plaintiff, he spends almost all the days without work, duties or responsibilities, he continues to be mocked and harassed by co-defendant Wilfredo Del Valle and other employees.

37.- Defendants' actions against Plaintiff constitute an intentional political harassment and a clear violation of plaintiff Federal and State Constitutionally protected rights.

38.- Plaintiff Delfin Cardona-González has suffered and continues to suffer the humiliation and the degradation of his dignity as a citizens and employee by the actions of defendants.

39. - Plaintiff was a career employee of the Municipal Government of Aguadilla. Plaintiff history of performance as employee of the Municipality is excellent, there being no complaints or admonishments filed against him.

40.- With the express or tacit consent of defendant Julio Roldán-Concepción, plaintiff Delfin Cardona-González, has been the subject of political harassment and workplace harassment by other municipal employees that in a mocking way tell him that what happened to him is what the members of the New Progressive Party deserve.  In violation of Law 90-2020.

41.- Plaintiff is a member of the United States Army Reserve and defendant Wilfredo del Valle with the intention to humiliate him, told him that since he is a statehoder and a defender of the United States, it would be best for him to work full time for the United States Army and not for the Municipal Government of Aguadilla.

42.- All these harassment, humiliation, mental anguish, grief, pain and distress that plaintiff has suffered and continues to suffer on a daily basis is being done intentionally by defendants with the deliberate purpose of offending, humiliating and punishing plaintiff, solely because of his affiliation to the New Progressive Party.

43. - After the filing of this complaint, on December 30, 2022, the political harassment that plaintiff was being subjected by defendant's increased in a way that he no longer could bear. The harassment, humiliation, mental anguish, grief, pain and distress led him to resign as a career employee of the Municipal Government of Aguadilla.

44.- That this resignation was solely based on political discrimination and it constitutes a constructive discharge.

## ABSENCE OF GOOD FAITH

45.- The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

46. - Defendant's in this case under color of state law, decided to defy the Courts, knowing as they know, that by transferring plaintiff to the Public Works Division and not assigning him work, duties or responsibilities, by harassing plaintiff creating a workplace harassment environment, that led to his resignation, solely for his political affiliation to the New Progressive Party, constitutes a violation of plaintiff constitutional protected rights.

## FIRST CAUSE OF ACTION

47.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 46, with the same force and effect as if set forth at length herein.

48.- Plaintiff transferred to the Public Work Division without any work, duties or responsibilities to perform constitutes a violation of plaintiff Constitutional Protected Rights since the real and only reason for his transfer was the fact that plaintiff is an active member of the New Progressive Party. It is a well-established legal doctrine that the violation of a constitutional right, even for a minimum period of time, constitutes an irreparable injury.

49.- The damages caused to plaintiff by defendant's illegal violation of his

Federally Protected Rights, are reasonably estimated in the amount of $1,000,000.00.

## SECOND CAUSE OF ACTION

50.- Now appears plaintiff in this case and repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

51.- As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

52.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiff for any award warranted for his damages.

## THIRD CAUSE OF ACTION

53.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

54.- Their acts show defendants did not act in good faith and punitive damages should be imposed on defendants jointly and severally which are reasonably estimated in $1,000,000.00.

## FOURTH CAUSE OF ACTION

55.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

56. - Plaintiff has been subjected to a workplace harassment environment by co-defendant Wilfredo Del Valle by refusing to assign him work, duties or responsibilities. Co-defendant, Julio Roldán Concepción, knowing that plaintiff is being the subject of workplace harassment environment, has done nothing to prevent and/or correct the violation of plaintiff protected rights.

57.- For this, plaintiff Delfin Cardona-González, is entitled to an amount equal to double the damages that defendant's actions have caused him. (29 L.P.R.A. sec 3122).

## FIFTH CAUSE OF ACTION

58.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein

59.-That because of the political harassment that plaintiff was being subjected to, which led to the filing of this complaint and the increase in said political harassment after the complaint was filed led plaintiff to resign which constitutes a constructive discharge. As a result of plaintiff constructive discharge, he lost his salary of $2,096.00 monthly. Plaintiff is entitled to back pay until he is reinstated as Executive Officer I.

## SIXTH CAUSE OF ACTION

60.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

61.- That because of plaintiff constructive discharge and his loss of income, plaintiff has suffered great mental anguish, grief, anxiety, humiliation, pain and distress.

62. - These damages are evaluated in an amount no less than $1,000,000.00. These damages were caused and will continue to be caused exclusively by the Constitutional Illegal, negligent and torturous acts and omission of the defendants, rendering them jointly and severally responsible to plaintiff for any award warranted for his damages.

## SEVENTH CAUSE OF ACTION

63.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein

64.- Plaintiff request that pursuant to Rule 65 of the Federal Rules of Civil Procedure an order be issued to defendant Julio Roldán-Concepción ordering that plaintiff be reinstated in the career position that he held at the Municipal Government of Aguadilla and be assigned duties and responsibilities consonant to his appointment as Executive Officer I and that defendant Julio Roldán-Concepción take the necessary actions to prevent and correct the political harassment that plaintiff have been subjected to.

## TRIAL BY JURY

65.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a.  Assume Jurisdiction of this action;

b.  Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of plaintiff;

c.  Enter an Order granting a Preliminary and Permanent Injunction ordering defendants, and each of them, or their agents and successors to refrain from using the power trusted on them as Mayor and Director of Public Works of the Municipal Government of Aguadilla for political purpose against   plaintiff.

d.  Grant plaintiff back pay, damages and punitive damages against the defendants, and each of them, jointly and severely;

e.   Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all his rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.   Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g.   Grant such other and further relief that to this Honorable Court may

deem just and proper.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico this 31st  day of January of 2024.

> **ROLDAN GONZALEZ & ASOCIADOS**
> **35 Progreso**
> **Aguadilla, P. R. 00603**
> **Tel.  (787)  89l-l359**
> **irg@roldanlawpr.com**

*S/ Israel Roldan-Gonzalez*
**ISRAEL ROLDAN GONZALEZ**
**USDC-PR NO. 115602**