IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DELFIN CARDONA-GONZÁLEZ,** *Plaintiff,* v. **JULIO ROLDÁN-CONCEPCIÓN,** *et al.*, *Defendants.* | **CIVIL NO. 22-1654 (JAG)** |

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

**TO THE HONORABLE COURT:**

**COME NOW**, Julio Roldán-Concepción and Wilfredo Del Valle, in their <u>personal capacity</u> ("individual Defendants"), through the undersigned attorney, and very respectfully **STATE** and **PRAY** as follows:

### I.   PROCEDURAL BACKGROUND

On January 31, 2024, Delfin Cardona-González ("Plaintiff" or "Cardona-González") filed an *Amended Complaint*, a civil rights action under 42 U.S.C.A. § 1983 ("Section 1983"), against the municipal government of Aguadilla ("Municipality of Aguadilla") and two members of the Popular Democratic Party ("PDP"), the mayor of the municipality, Julio Roldán-Concepción ("Roldán-Concepción"), and the Director of the Public Works Division, Wilfredo Del Valle ("Del Valle") (these last two, collectively "the individual Defendants"), for their alleged violation of Plaintiff's rights under the First Amendment of the United States Constitution and violation of his Due Process rights under the Fifth and Fourteen Amendments (Docket No. 22). Plaintiff was a career employee of the

1

Municipality of Aguadilla who claims to be an active member of the New Progressive Party ("NPP") (Docket No. 22 at p. 4, ¶ 17).[1]

On March 15, 2024, the individual Defendants filed a *Motion to Dismiss Amended Complaint* (Docket No. 25). Plaintiff requested an extension of time to file an opposition and the Court granted his request (Docket Nos. 26 and 27). On April 29, 2024, Plaintiffs filed their opposition. (Docket No. 28; *Opposition*).[2] On May 6, 2024, individual Defendants filed *Motion for Leave to Reply and Request for Extension of Time* (Docket No. 29) and the Court granted their request (Docket No. 30).

## II.     ARGUMENT

**a. The Due Process claims under the Fifth and Fourteen Amendments, as well as the declaratory and injunctive relief, should be dismissed because they do not apply to the individual defendants; and because Plaintiff did not exhaust administrative remedies for actions under local Act 90-2020.**

A waiver is comprehensively defined as a voluntary and intentional relinquishment, surrender, or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed. *See*, 31 Corpus Juris Secundum § 85 (citing *Barber v. Page*, 390 U.S. 719, 725 (1968)). Here, Plaintiff waived his opportunity to address several matters of law that the individual Defendants raised in their motion to dismiss as to various causes of action that should be dismissed against them.

In the *Motion to Dismiss Amended Complaint*, Roldán-Concepción and Del Valle

---

[1] When Plaintiff filed his original complaint (Docket No. 1) he was still an employee of the Municipality of Aguadilla.
[2] Plaintiff entitled his motion *Reply to Motion to Dismiss Second Amended Complaint* but for clarity purposes, the individual defendants refer to it as *Opposition*.

2

clarified that the law is clear in that the Fifth Amendment applies only to actions by the federal government and the Fourteenth Amendment applies only to actions of the state, not to acts of private persons. In that sense, the Due Process claims under the Fifth and Fourteen Amendments do not apply to them. Plaintiff did not address this in his Opposition. Accordingly, the Due Process claims under the Fifth and Fourteen Amendments against the individual defendants should be dismissed.

The individual Defendants also clarified that the Declaratory and Injunctive relief can be obtained only from the Municipality of Aguadilla and official capacity defendants, not from them in their personal capacities. Plaintiff did not address this in his Opposition. Thus, the Declaratory and Injunctive relief against the individual defendants should be dismissed.

Finally, Roldán-Concepción and Del Valle also asserted that it stems from Plaintiff's complaint that he did not exhaust administrative remedies as required under the Act to Prohibit and Prevent Workplace Bullying in Puerto Rico, Act 90-2020, P.R. Laws Ann. tit. 29 § 3111, *et seq.* ("Act 90-2020").   Plaintiff did not discuss this in his Opposition. Therefore, the action under local Act 90-2020 against the individual defendants should be dismissed.

### b. Plaintiff failed to oppose the jurisprudence that clarifies that the gap between his alleged employment discrimination and his resignation is too long a period to find that he was constructively discharged.

In his Opposition, Plaintiff states that "[w]ith exception of the first paragraph at page 4 of the Motion to Dismiss Amended Complaint, said motion is identical to the first motion to dismiss." (Docket No. 28). Plaintiff's statement is incorrect.  The individual Defendants' *Motion to Dismiss Amended Complaint* is not identical to the first motion to dismiss

3

(Docket No. 12), particularly so because a whole new section, entitled *Plaintiff's resignation cannot be considered a constructive discharge*, was added to the legal analysis and discussion of the motion. (Docket No. 25, pp. 16-19).

Plaintiff amended his complaint because he resigned and is now alleging that his resignation constitutes a constructive discharge. As argued in the individual Defendants' *Motion to Dismiss Amended Complaint*, the jurisprudence of the United States Court of Appeals for the First Circuit ("First Circuit") and the United States District Court for the District of Puerto Rico ("US-DCPR") clarifies that a six-month gap between the alleged employment discrimination and Plaintiff's resignation is too long a period to find that he was constructively discharged. *See Smith v. Bath Iron Works Corp.,* 943 F.2d 164, 167 (1st Cir.1991)(holding that no constructive discharge occurred where plaintiff quit **six months** after the last reported incident of discrimination); *see also Hoffman v. Mercado*, 392 F. Supp. 2d 148, 159 (D.P.R. 2005); *González García v. Puerto Rico Elec. Power Auth.*, 214 F. Supp. 2d 194, 204 (D.P.R. 2002). Plaintiff failed to oppose the individual Defendants argument and did not provide jurisprudence that would state the opposite.

It bears noting that the *Amended Complaint* Plaintiff did not include the date on which Plaintiff resigned, even though according to his *Motion requesting Leave to Amend our Pleadings*, the event of his resignation is the reason[3] why he is filing the amendment. (Docket No. 20). Plaintiff resigned on **August 14, 2023**. *See* Docket 25-4. The moment

---

[3] Specifically, Plaintiff stated that he was requesting to amend under Rule 15 (a) (2) because:

> First, that plaintiff is no longer an employee of the Municipal Government of Aguadilla, Second, that plaintiff resigned to the career position he held as Executive Officer I, Third, that the reason for his resignation as a Municipal Government Employee was the political harassment that he was subjected to after the filing of the complaint, which constitutes a constructive discharge.

(Docket No. 20, p. 2).

when an employee who is working under the alleged harassment submits his resignation is a crucial element in determining if the label of constructive discharge is appropriate. *Hoffman*, 392 F. Supp. 2d at 159. Accordingly, the individual Defendants had to provide this date to the Court in their motion to dismiss and Plaintiff's resignation letter was included as exhibit IV of their motion. (Docket 25-4).

In essence, Plaintiff's complaint is based on political discrimination. Plaintiff claims that because he belonged to a different political party than mayor Roldán-Concepción, he was transferred from the Municipal Legislature of Aguadilla, where he was under an administrative special assignment ("*destaque*"), to the Public Work Department. According to the complaint, mayor Roldán-Concepción was upset because Plaintiff posted on the social network of Facebook pictures of him at a meeting of the Municipal Legislature. (Docket No. 22 at pp. 5-6, ¶ 31). On February 25, 2022, Plaintiff received a letter informing him that effective February 28, 2022, he was being transferred to the Public Work Department, for need of services. *See* Docket No. 22 at p. 6, ¶¶ 32-33; *see also* Docket No. 25-3. Plaintiff claims that at the Public Works Division he was assigned minimal tasks, which were done mainly on half a day of the week, and the rest of the days he spent the working hours doing nothing, making him the subject of mock and harassment by other employees (Docket No. 22 at pp. 6-7, ¶¶ 33).

Therefore, Plaintiff's alleged transfer is the event on which he relied on for his political discrimination claim. That is, the event that triggered the filing of the complaint was the alleged employment discrimination of the transfer. "Plaintiff claim is not because he was transferred to the Public Works Division. Plaintiff claim is that he was transferred because of his political affiliation […]" (Docket No. 15). Consequently, to determine if

5

Plaintiff was constructively discharged, we should start counting on **February 28, 2022**, the day Plaintiff was transferred to the public Works Division and became the subject of mock and harassment by other employees (Docket No. 22, p. 7, ¶ 33), and stop counting on **August 14, 2023,** the day he resigned. One (1) year, five (5) months, seventeen (17) days (or 532 days) passed between the two dates. The gap between the alleged employment discrimination and Plaintiff's resignation is too long a period to find that he was constructively discharged.

Even a more generous interpretation will not do. If Plaintiff became the subject of harassment starting on December 30, 2022, the day he filed his original complaint, and the harassment stopped on August 14, 2023, the day he resigned, a seven-(7)-month-and-fifteen-day (or 227 days) period is still too long to find that he was constructively discharged.

As we have previously explained, the First Circuit and the US-DCPR have reasoned that, if a plaintiff does not leave his job within a reasonable time after last being the subject of discrimination, he cannot prevail under a constructive discharge theory. *See Smith,* 943 F.2d at 167. The First Circuit and the US-DCPR jurisprudence discussed in the motion to dismiss and this motion, have established that leaving the job in six months or a longer period after last being the subject of discrimination is not a reasonable time for purposes of a constructive discharge claim. Clearly, Cardona-González's resignation came too late after the offensive conduct to be labeled a constructive discharge. *See Landrau-Romero v. Banco Popular de Puerto Rico*, 212 F.3d 607 (1st Cir. 2000)(seven-month period between harassing acts and resignation was found to be too long to support a constructive discharge

6

claim); *Smith*, 943 F.2d at 167 (1st Cir.1991)(six-month period too great for a constructive discharge claim).

**WHEREFORE**, based on the arguments set forth in the instant motion and in the motion to dismiss, it is respectfully requested that Plaintiffs' claims against Roldán-Concepción and Del Valle, in their personal capacities, be dismissed with prejudice.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court, who will send notification of such filing to the parties subscribing to the CM/ECF System.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of June 2024.

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

**SUSANA I. PEÑAGARÍCANO-BROWN**
Deputy Secretary in Charge of Civil Litigation

**JUAN C. RAMÍREZ ORTIZ**
Deputy Undersecretary in Charge of Civil Litigation

*s/ Pablo Tufiño-Soto*
Pablo Tufiño-Soto
USDC No. 304006
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Email: ptufino@justicia.pr.gov
Phone: 787-721-2900 Ext. 1423