IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DELFIN CARDONA-GONZALEZ,

   **Plaintiff,**

       v.

JULIO ROLDAN-CONCEPCION, *et al.*,

   **Defendants.**

CIVIL NO. 22-1654 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is the Motion to Dismiss filed by co-Defendants Mayor Julio Roldan-Concepcion ("Mayor Roldan-Concepcion") and Wilfredo del Valle in their personal capacities (collectively, "Individual Defendants"), Docket No. 25; Plaintiff Delfin Cardona-Gonzalez's ("Plaintiff") Opposition, Docket No. 28; and Individual Defendants' Reply, Docket No. 31. For the following reasons, the Motion to Dismiss is hereby **GRANTED IN PART** and **DENIED IN PART**.

**STANDARD OF REVIEW**

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal

**CIVIL NO.** 22-1654 (JAG)                                                                                                  2

pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1988). Thus, plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

"In a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto or else convert the motion into one for summary judgment." *Freeman v. Town of Hudson*, 714 F.3d 29, 35-36 (1st Cir. 2013) (cleaned up). However, "some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment," such as "documents the authenticity of which are not disputed by the parties; official public records; documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint." *Id.* (cleaned up). Here, Defendants rely on several extrinsic documents whose authenticity has not been challenged by Plaintiff and which were sufficiently referred to in the Complaint. Plaintiff has not objected to Defendants' reliance on these extrinsic documents and, thus, the Court will consider these documents in its analysis.

CIVIL NO. 22-1654 (JAG)                                                                                                   3

## ANALYSIS

I.   **Section 1983**

Section 1983 provides a cause of action and remedies "for violations of federal rights committed by persons acting under color of state law." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 40-41 (1st Cir. 2009) (citing *Haywood v. Drown*, 556 U.S. 729, 731 (2009)). Because Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred," *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (cleaned up), "a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued," *Harron v. Town of Franklin*, 660 F.3d 531, 535 (1st Cir. 2011) (citation omitted). A defendant has acted under color of state law if he has abused the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (citation omitted). Further, to establish the deprivation of a federal right, "plaintiffs must show that the defendants' conduct was the cause in fact of the alleged deprivation." *Rodríguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997) (citations omitted).

II.  **First Amendment**

   A. **Political Discrimination**

Plaintiff asserts claims under the First Amendment, which "insulates public employees who hold nonpolicymaking positions from the vicissitudes of personnel decisions rooted in partisan political concerns." *Bergeron v. Cabral*, 560 F.3d 1, 7 (1st Cir. 2009) (*abrogated on other grounds by Reyes-Orta v. P.R. Highway and Transp. Auth.*, 811 F.3d 67 (1st Cir. 2016)); *see also Welch v. Ciampa*, 542 F.3d 927, 938 (1st Cir. 2008) ("[T]he First Amendment also prohibits government officials from

**CIVIL NO.** 22-1654 (JAG)                                                                                              4

taking adverse employment action against a non-policymaking government employee based on the employee's political affiliation . . . .").

To establish a *prima facie* case of political discrimination, one must show: "(1) the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's affiliation; (3) a challenged employment action occurred; and (4) political affiliation was a substantial or motivating factor behind it." *Martín-Vélez v. Rey-Hernández*, 506 F.3d 32, 39 (1st Cir. 2007) (cleaned up). "[S]imply [] asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by political animus" does not satisfy the *prima facie* fact-specific showing that a plaintiff was a victim of political discrimination. *Cruz-Baez v. Negrón-Irizarry*, 360 F. Supp. 2d 326, 339 (D.P.R. 2005) (citing *Avilés-Martinez v. Monroig*, 963 F.2d 2, 5 (1st Cir. 1992); and *Mt. Healthy City Sch. Dist. Bd. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Defendants argue that Plaintiff has failed to establish a *prima facie* case of political discrimination under the First Amendment. Docket No. 25 at 11-16. Specifically, they contend that Plaintiff has not sufficiently alleged that (i) an adverse employment action occurred and (ii) his political affiliation was a substantial or motivating factor for this action. *Id.* at 14-16. The Court disagrees.

Plaintiff has sufficiently alleged that his transfer to the Public Works Department was an adverse employment action, because after his transfer he had "basically no work or duties to perform" and would only be assigned "minimal task[s]" that he could complete in half a workday. Docket No. 22 at 7. A transfer can constitute an adverse employment action "if the action[], from an objective perspective, make[s] an employee's work situation 'unreasonably inferior' to the norm for his or her position, placing substantial pressure on even one of thick skin to conform to

**CIVIL NO.** 22-1654 (JAG)                                                                                                            5

the prevailing political view." *Reyes-Orta*, 811 F.3d at 75-76 (cleaned up); *see Colon-Fontanez v. Mun. of San Juan*, 660 F.3d 17, 37 (1st Cir. 2011) (noting that a disadvantageous transfer "may constitute [an] adverse employment action, subject to the facts of a particular case.") (cleaned up). Even though Plaintiff kept the same employment classification and salary, a substantial reduction in work duties could constitute an adverse employment action.

Plaintiff has also sufficiently pled causation. According to the Complaint, Plaintiff was notified of his transfer via letter dated February 25, 2022, one day after Mayor Roldan-Concepcion reprimanded Plaintiff for posting a picture of Mayor Roldan-Concepcion on Facebook and accused Plaintiff of "post[ing] that picture in order to harm him and that [Plaintiff] was in constant political campaign against him since he won the general elections of November 2020." Docket No. 22 at 6. Mayor Roldan-Concepcion's politically motivated comments and the temporal proximity between his comments and the employment action support an inference of causation. Additionally, Plaintiff alleges that he spoke to the Director of the Public Works Department multiple times, "complaining that he [had] basically no work or duties to perform" and that the Director "in some occasions [] answered that those [were] the instructions of the Mayor and in others, he [] told plaintiff that it seems that he had forgotten all the political campaign that he did for the New Progressive Party." *Id.* at 7. This is sufficient to survive dismissal at this stage.

B. **Constructive Discharge**

However, Plaintiff has failed to sufficiently allege constructive discharge. "The standard for proving a constructive discharge is that the new working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled

**CIVIL NO.** 22-1654 (JAG)                                                                 6

to resign." *Aviles-Martinez*, 963 F.2d at 6 (cleaned up). "The standard is objective, not subjective; the ordinary slings and arrows that workers routinely encounter in the workplace are not enough to amount to constructive discharge." *Aguirre v. Mayaguez Resort & Casino, Inc.*, 59 F. Supp. 3d 340, 351 (D.P.R. 2014) (quoting *De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 117 (1st Cir. 2004)) (cleaned up). "The question is not whether working conditions at the facility were difficult or unpleasant." *Torrech-Hernandez v. Gen. Elec. Co.*, 519 F.3d 41, 50 (1st Cir. 2008) (cleaned up). Instead, "an employee must show that, *at the time of his resignation*, his employer did not allow him the opportunity to make a free choice regarding his employment relationship. Thus, in order for a resignation to constitute a constructive discharge, it effectively must be void of choice or free will." *Id.* (cleaned up) (emphasis added). The bar for constructive discharge is high.

Plaintiff alleges that, after his transfer to the Public Works Department, he was subjected to "mock and harassment by other employees." Docket No. 22 at 7. He also claims that, after initiating this action, "the political harassment that plaintiff was being subjected by defendant[s] increased in a way that he no longer could bear. The harassment, humiliation, mental anguish, grief, pain and distress led him to resign as a career employee of the Municipal Government of Aguadilla." *Id.* at 8. However, Plaintiff provides no factual basis for this conclusory allegation. For example, he does not provide (i) examples of statements or comments that he claims constitute harassment or mockery, (ii) the names of the employees that engaged in the alleged conduct, or (iii) the approximate dates when the alleged harassment happened. In fact, the Complaint is devoid of any well-pled allegations of political discrimination between February 2022 and December 2022. Because constructive discharge is analyzed under an objective standard, the lack of details as to Plaintiff's working conditions at the time of his resignation, as well as the lack of

**CIVIL NO.** 22-1654 (JAG)                                                                                                          7

temporal proximity between Plaintiff's resignation and any discriminatory act or politically motivated comment, warrants dismissal.

For these reasons, the Court finds that Plaintiff has failed to put forth sufficient facts to plausibly allege that, at the time of his resignation, his working conditions were so difficult or unpleasant that a reasonable person in his shoes would have felt compelled to resign. Accordingly, Plaintiff's constructive discharge claim is hereby **DISMISSED WITH PREJUDICE**.

### III. Fourteenth Amendment

Individual Defendants also request dismissal of the Fourteenth Amendment claims asserted against them in their personal capacities. Docket No. 25 at 19-20. "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (citations omitted); *see Pike v. Guarino*, 492 F.3d 61, 78 (1st Cir. 2007). Therefore, Plaintiff's personal capacity Fourteenth Amendment claims are not actionable and, thus, are hereby **DISMISSED WITH PREJUDICE**.

### IV. Fifth Amendment

Individual Defendants also argue that Plaintiff failed to state a claim under the Fifth Amendment as they are not federal actors. Docket No. 25 at 20-21. Plaintiff did not object. "The Fifth Amendment Due Process Clause . . . applies only to actions of the federal government—not to those of state or local governments." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 (1st Cir. 2007) (cleaned up). Because none of the Defendants are federal actors, Plaintiff's Fifth Amendment claims are hereby **DISMISSED WITH PREJUDICE** as to all Defendants.

CIVIL NO. 22-1654 (JAG)                                                                                       8

## V. Act 90-2020

Individual Defendants also request dismissal of Plaintiff's claims under Act 90-2020, P.R. LAWS ANN. tit. 29, § 3111 *et seq.*, for failure to exhaust administrative remedies. Docket No. 25 at 21-22. Plaintiff did not object nor did he provide any evidence of exhaustion, which is required pursuant to P.R. LAWS ANN. tit. 29, § 3120. Accordingly, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim under Act 90-2020.

## VI. Remaining State Law Claims

This Court should decline to exercise supplemental jurisdiction over a plaintiff's state law claims when all federal claims are dismissed. *See Camelio v. Am. Fed.*, 137 F.3d 666, 672 (1st Cir. 1998) (holding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."). However, because the Court has not dismissed all of Plaintiff's federal claims, the Court shall exercise supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

For the aforementioned reasons, the Motion to Dismiss is hereby **GRANTED IN PART** and **DENIED IN PART**. The Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's constructive discharge claim, personal capacity claims under the Fourteenth Amendment, and Fifth Amendment claims. The Court **DISMISSES WITHOUT PREJUDICE** the Act 90-2020 claims for failure to exhaust administrative remedies. Partial Judgment shall be entered accordingly.

**CIVIL NO.** 22-1654 (JAG)                                                                                                          9

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Monday, March 31, 2025.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
